Filed 1/14/25  Hernandez v. Alvarez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| FERNANDO HERNANDEZ et al., | B330404 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. KC069491) |
| v. | |
| GEORGE ALVAREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas C. Falls, Judge.  Affirmed.

George Alvarez, in pro. per., for Defendant and Appellant.

Shaumyan & Derbarseghian, Alfred Shaumyan and Aren Derbarseghian for Plaintiffs and Respondents.

_____

Defendant and appellant George Alvarez appeals from a judgment following a bench trial in favor of plaintiffs and respondents Fernando Hernandez and Maria De Jesus Hernandez in this action arising out of a real property purchase agreement.  Because the record is inadequate to allow review on appeal, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2018, the plaintiffs filed the operative third amended complaint against Alvarez and others alleging several causes of action, including breach of contract, misrepresentation, fraud, and unjust enrichment.  The plaintiffs attached a purchase agreement executed in 2005.

In July 2019, Alvarez filed an amended answer to the complaint.  Among other issues, he asserted the affirmative defense of novation, alleging that the parties substituted a new agreement for the one alleged in the complaint, and the Hernandezes were the ones who breached the new agreement.

In May 2022, the matter was called for a jury trial, but Alvarez failed to appear.  The court entered a default and a default judgment against Alvarez, but later set them aside based on error.

On February 6, 2023, Alvarez filed a motion for judgment under Code of Civil Procedure section 631.8, raising several arguments based on a 2016 agreement between the parties.

On February 7, 2023, the matter was called for trial again.  No reporter's transcript or settled statement is part of the record on appeal.  The minute order reflects that there was no appearance for Alvarez.  Fernando testified, and several exhibits

were admitted in evidence. The trial court found Fernando credible. The court found there was an existing contract for the purchase of a home, and Fernando made a down payment and paid taxes on the property. The court further found that Alvarez breached the purchase agreement and took advantage of Fernando, and then Alvarez sold the home without Fernando's knowledge.

The trial court issued a proposed statement of decision on February 28 2023. Alvarez filed objections to the proposed statement of decision. Among other issues, he argued the proposed statement of decision failed to rule on his affirmative defense of novation based on the 2016 agreement. He asserted the findings were inconsistent with the terms of various agreements. Alvarez also argued that the Hernandezes were required to amend their complaint to refer to the 2016 agreement.

The Hernandezes opposed Alvarez's motion for judgment under Code of Civil Procedure section 631.8. They argued the evidence showed they were the true owners of the property and had made a decade of mortgage and property tax payments; there was no evidence the parties intended to cancel or substitute the original purchase agreement by entering into the 2016 agreement. The 2016 agreement simply confirmed the Hernandezes paid down the loan principal to allow them to get a new loan. Alvarez filed a reply arguing that the Hernandezes failed to prove their claims at trial.

The court entered a final statement of decision on April 17, 2023. The court found the testimony and the evidence offered at trial was credible. The court noted Alvarez chose not to

participate at trial, so there were no objections made to the evidence presented.

The Hernandezes entered into a purchase agreement with Alvarez in June 2005 to buy the property for $325,000, for which Alvarez provided financing, and Alvarez told them they could have as long as they needed to pay off the financing. The Hernandezes made the required down payment of $6,500, paid the taxes on the property, moved in and improved the property, and made mortgage payments to Alvarez. Alvarez repeatedly confirmed the payments made were mortgage payments, not rent payments. The Hernandezes were not tenants. In 2016, the Herenandezes tried to refinance the loan from Alvarez by getting a conventional loan from a lender, and signed an agreement with Alvarez confirming the sale with the new financing. Alvarez, however, refused to allow the refinancing of the loan; instead, he sold the property to third-parties who evicted the Hernandezes.

The court acknowledged Alvarez's argument that the 2016 agreement was a novation, and therefore, was the governing contract between the parties. The court agreed the 2016 agreement governed, but found that the uncontradicted evidence established the Hernandezes' payments toward the purchase price under the 2005 agreement were transferred and applied to the 2016 contract, and it was Alvarez who breached the parties' agreement. The court noted that Alvarez's arguments were not evidence and his posttrial attempt to argue the case was inappropriate.

The court found the Hernandezes could recover $239,496 that they paid to Alvarez, with interest on the judgment. The court entered judgment in favor of the Hernandezes. Alvarez

4

filed a timely notice of appeal, choosing to proceed without a record of the oral proceedings.

## DISCUSSION

Alvarez contends the trial court erred by finding ambiguity in the terms of a written contract, accepting testimony that contradicted the written terms, and awarding damages based on an agreement that was not pled in the complaint. We conclude that on appeal, Alvarez has failed to state the facts in the light most favorable to the judgment, as required by the standard of review, and the record is inadequate to review Alvarez's contentions of error.

A judgment or order of the lower court is presumed to be correct; the appellant has the burden of overcoming this presumption by affirmatively showing error on appeal by an adequate record. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

"Briefs must provide argument and legal authority for the positions taken; they may not rely upon matters which are not part of the record on appeal. Without the proper record, we cannot evaluate issues requiring a factual analysis. The evidence is presumed sufficient to support the judgment." (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.) "Where no reporter's

5

transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.* To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

Without a reporter's transcript, we cannot undertake a meaningful review of Alvarez's contentions on appeal. It is clear from the minute order and the statement of decision that Fernando testified about the parties' agreements in 2005 and 2016, and the mortgage payments made toward the purchase price. We do not reweigh the credibility of witnesses or the evidence presented at trial. (*Lenk v. Total–Western, Inc.* (2001) 89 Cal.App.4th 959, 968 [appellate court defers to trier of fact regarding credibility of witnesses]; *Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631 [appellate court does not reweigh evidence].) Alvarez contends the plaintiffs were required to allege the 2016 agreement in the complaint, but it was Alvarez's responsibility to introduce evidence about that agreement, as it was the basis for his affirmative defense. Nothing prevented Alvarez from appearing at trial and introducing the 2016 agreement, or objecting to extrinsic evidence about that agreement and the import of that evidence, but he chose not to participate at trial. Without a transcript, we must assume the extrinsic evidence presented at trial supported the trial court's interpretation of the agreements between the parties and the court's finding that Alvarez breached the purchase agreement.

6

## DISPOSITION

The judgment is affirmed.  Respondents Fernando Hernandez and Maria De Jesus Hernandez are awarded their costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


KIM (D.), J.

7